IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES D. WOMBLE                                                                    PLAINTIFF

v.                              CIVIL NO. 6:25-cv-06116- MEF

FRANK BISIGNANO, Commissioner
Social Security Administration                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Unopposed Motion for Attorney Fees Under

the Equal Access to Justice Act.  (ECF No. 14).  The parties have agreed to an award of $6,620.00

in attorney's fees and no costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA").

(*Id*.).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case,

as he is the prevailing party, the government's decision to deny benefits was not "substantially

justified," and the parties have agreed to the fee requested.  *See Jackson v. Bowen*, 807 F.2d 127,

128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the

government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee

award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (court may

determine that there has been an increase in the cost of living, and may thereby increase the

attorney's rate per hour, based upon the United States Department of Labor's Consumer Price

Index ("CPI")); *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness,

court looks at time and labor required; the difficulty of questions involved; the skill required to

handle the problems presented; the attorney's experience, ability, and reputation; the benefits

resulting to the client from the services; the customary fee for similar services; the contingency or

certainty of compensation; the results obtained; and, the amount involved); and General Order 39 (the Court's standing Order allowing for enhanced hourly rates based on the CPI-South for December of the previous year). Accordingly, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $6,620.00.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if the Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the Plaintiff is awarded the stipulated amount of **$6,620.00** in attorney's fees and no costs pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 23rd day of June 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

2